Daniel Szalkiewicz
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 West 73rd Street
Suite 102
New York, New York 10023
(212) 706-1007
daniel@lawdss.com
*Attorneys for the Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br>    Emily Marks,<br><br>                      Debtor. | Chapter 7 Case No. 23-11594-dsj |
| Marisa Hahn,<br><br>                      Plaintiff,<br><br>  -against-<br><br>Emily Marks<br>466 W 23rd Street<br>Apartment 1R<br>New York, NY 10011,<br><br>                      Defendant. | Adversary Case No. 23-01189-dsj |

**MEMORANDUM OF LAW FOR AN ORDER GRANTING PLAINTIFF SUMMARY
JUDGMENT DECLARING DEFENDANT'S DEBT NONDISCHARGEABLE**

## TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................... **2**

**TABLE OF AUTHORITIES** ................................................................................ **3**

**PRELIMINARY STATEMENT** ............................................................................ **4**

**PROCEDURAL HISTORY** .................................................................................. **5**

**ARGUMENT**
**POINT I**
**SUMMARY JUDGMENT LEGAL STANDARD** ....................................................... **5**

**POINT II**
**SUMMARY JUDGMENT IS WARRANTED BECAUSE THERE IS NO QUESTION OF FACT THAT DEFENDANT'S CONDUCT WAS WILLFUL AND MALICIOUS, EXCEPTING THE RESULTING JUDGMENT FROM DISCHARGE** ................................ **7**

**POINT III**
**SUMMARY JUDGMENT IS WARRANTED BECAUSE JUDGE NERVO'S FINDINGS THAT THE DEBTOR VIOLATED NEW YORK CITY ADMINISTRATIVE CODE §10-180 AND CIVIL RIGHTS LAW 52-B ARE PRECLUSIVE AS TO THE DEBTOR'S WILLFULNESS AND MALICIOUSNESS** .................................................................... **9**

## TABLE OF AUTHORITIES

**Cases**

B.B. v Grossman (In re Grossman), 538 BR 34, 38 [Bankr ED Cal 2015] .................................. 8

Burberry Ltd. v Horowitz (In re Horowitz), 2016 Bankr LEXIS 805, at *15-16 [Bankr SDNY Mar. 14, 2016, Nos. 14-36884 (CGM), 15-09002 (CGM)] ........................................ 7

Hoewischer v White (In re White), 551 BR 814, 827 [Bankr SD Ohio 2016] .............................. 8

In re Miami Metals I, Inc., 2021 Bankr LEXIS 61, at *19 [Bankr SDNY Jan. 13, 2021, No. 18-13359 (SHL)] ................................................................................................................ 6

In re Rockefeller Ctr. Props., 272 BR 524, 540 [Bankr SDNY 2000] ........................................... 6

Matos v. Hiraldo (In re Hiraldo), 661 B.R. 26, 32, 32 (Bankr. S.D.N.Y. 2024) .......................... 10

Merhav Ampal Grp., Ltd. v Merhav (M.N.F.) Ltd. (In re Ampal-American Isr. Corp., 2015 Bankr LEXIS 2934, at *31 [Bankr SDNY Sep. 2, 2015, Nos. 12-13689 (SMB), 14-02385 (SMB)] ........................................................................................................................ 6

Navistar Fin. Corp. v Stelluti (In re Stelluti), 94 F3d 84, 87 [2d Cir 1996] .................................. 7

Official Comm. of Unsecured Creditors of Arcapita Bank B.S.C.(c) v Bahr. Islamic Bank (In re Arcapita Bank B.S.C.(c)), 2021 Bankr LEXIS 1098, at *23 [Bankr SDNY Apr. 23, 2021, Nos. 12-11076 (SHL), 13-01434 (SHL), 13-01435 (SHL)) .............................................. 6

Solus Alternative Asset Mgmt., LP v Delphi Auto. PLC [In re DPH Holdings Corp.], 553 BR 20, 25 [Bankr SDNY 2016] ............................................................................................... 6

Voyatzoglou v Hambley (In re Hambley), 329 BR 382, 402 [Bankr EDNY 2005] ...................... 7

Yash Raj Films (USA), Inc. v Akhtar (In re Akhtar), 368 BR 120, 127 [Bankr EDNY 2007] ...... 7

Plaintiff Marisa Hahn ("Marisa" or "Plaintiff") respectfully submits this Memorandum of Law in Support of her Motion for Summary Judgment.

**PRELIMINARY STATEMENT**

Defendant slept with Plaintiff's boyfriend (Exhibit 2, ¶4). And when Plaintiff contacted Defendant's boyfriend to learn what he knew about the incident, Defendant was livid (Exhibit 2, ¶4). Defendant taunted Plaintiff with intimate photographs and videos she had obtained which showed Plaintiff's face, genitals, breasts, and buttocks (Exhibit 2, ¶¶ 5-7). Plaintiff informed Defendant about New York's law against nonconsensual pornography, but Defendant was wholly dismissive, stating she was over 18 and telling her to call a lawyer (Exhibit 2, ¶7).

In the days that followed, Defendant contacted Plaintiff's father (Exhibit 3, p. 12). Months later, Defendant used a mutual friend's Instagram account to again mock and taunt Plaintiff with her intimate content (Exhibit 2, ¶¶9-10).

Defendant's cruelties and callousness have caused Plaintiff significant emotional distress, infecting tiny and enormous parts of her life such as the jobs she accepted and how she got to work. She experienced sleeplessness, lost twenty pounds, became hypervigilant about checking social media for additional contact, developed paranoid thinking, and even considered ending her own life (Exhibit 2, Exhibit 3). Plaintiff sought and received assistance with her mental health and has been diagnosed with anxiety, depression, post traumatic stress disorder, and attention deficit disorder (Exhibit 3, p. 19-20). She fled New York City following the experience (Exhibit 3, p. 17).

Meanwhile, despite being served with the lawsuit, Defendant largely ignored the legal action, save for pinning it on her ceiling (Exhibit 5, ¶9; Exhibit 3, p. 21). Defendant defaulted and, following an inquest, Plaintiff received a monetary judgment in the amount of

$1,240,087.97 (Exhibit 6, Exhibit 3, p. 39-40, Exhibit 7). Shortly after Plaintiff began garnishing Defendant's wages, Defendant declared bankruptcy (Exhibit 8).

## PROCEDURAL HISTORY

The underlying lawsuit was initiated by way of Summons and Complaint filed in the Supreme Court of the State of New York, County of New York on July 13, 2020 (Exhibit 1). Defendant defaulted and an inquest was held on September 13, 2022 (Exhibit 6, Exhibit 3). Following the inquest, Plaintiff received a judgment in the amount of $1,240,087.97 (Exhibit 3, p. 39-40). Defendant filed a Chapter 7 proceeding in the Southern District of New York on August 18, 2023 (Exhibit 8). Plaintiff's adversary proceeding was filed on October 17, 2023. The relief sought by Plaintiff was to attach collateral estoppel to the court's findings in the state action, to determine that Defendant's debts were excepted from discharge, and to award costs and fees.

Plaintiff now moves for summary judgment that the debt is nondischargable pursuant to 11 U.S.C. §523 (a)(6) because there is no triable issue of fact that Defendant's actions were willful and malicious within the meaning of the statute.

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT LEGAL STANDARD

Fed. R. Bankr. P. 7056 incorporates the summary judgment standard found in Fed. R. Civ. P. 56, which provides that the Court "shall grant summary judgment if the movant establishes that there is no genuine dispute as to any material fact and it is entitled to judgment as

5

a matter of law" (Solus Alternative Asset Mgmt., LP v Delphi Auto. PLC [In re DPH Holdings Corp.], 553 BR 20, 25 [Bankr SDNY 2016]).

A fact is "material only if it affects the result of the proceeding and a fact is in dispute only when the opposing party submits evidence such that a trial would be required to resolve the differences" (In re Rockefeller Ctr. Props., 272 BR 524, 540 [Bankr SDNY 2000]). Additionally "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment" and "the Court may also grant some but not all of the relief requested in a summary judgment motion if it finds disputed issues of fact as to some of the issues presented" (Official Comm. of Unsecured Creditors of Arcapita Bank B.S.C.(c) v Bahr. Islamic Bank (In re Arcapita Bank B.S.C.(c)), 2021 Bankr LEXIS 1098, at *23 [Bankr SDNY Apr. 23, 2021, Nos. 12-11076 (SHL), 13-01434 (SHL), 13-01435 (SHL)).

The moving party carries the initial burden and, upon a showing of undisputed facts, "the nonmoving party must set forth specific facts that show triable issues, and cannot rely on pleadings containing mere allegations or denials" (Merhav Ampal Grp., Ltd. v Merhav (M.N.F.) Ltd. (In re Ampal-American Isr. Corp., 2015 Bankr LEXIS 2934, at *31 [Bankr SDNY Sep. 2, 2015, Nos. 12-13689 (SMB), 14-02385 (SMB)]).

Finally, "[i]n deciding whether material factual issues exist, all ambiguities must be resolved and all reasonable inferences must be drawn in favor of the nonmoving party (In re Miami Metals I, Inc., 2021 Bankr LEXIS 61, at *19 [Bankr SDNY Jan. 13, 2021, No. 18-13359 (SHL)]).

In the instant case, summary judgment is warranted and appropriate as there is no question of fact that Defendant's actions were willful and malicious pursuant to 11 U.S.C. §523 (a)(6).

# POINT II

## SUMMARY JUDGMENT IS WARRANTED BECAUSE THERE IS NO QUESTION OF FACT THAT DEFENDANT'S CONDUCT WAS WILLFUL AND MALICIOUS, EXCEPTING THE RESULTING JUDGMENT FROM DISCHARGE

Pursuant to the statute, "a discharge will not be effective against any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" (Id.). A plaintiff must establish "the debtor acted willfully in committing the injury" and that the debtor "acted maliciously in committing the injury" (Yash Raj Films (USA), Inc. v Akhtar (In re Akhtar), 368 BR 120, 127 [Bankr EDNY 2007]).

"Willful" means causing a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury" while can be satisfied "if the debtor had actual knowledge that he or she was violating the law and the intent to bring about injury" (Burberry Ltd. v Horowitz (In re Horowitz), 2016 Bankr LEXIS 805, at *15-16 [Bankr SDNY Mar. 14, 2016, Nos. 14-36884 (CGM), 15-09002 (CGM)]).

Dealing with the second prong, the Second Circuit has defined "malicious" as "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will" (Navistar Fin. Corp. v Stelluti (In re Stelluti), 94 F3d 84, 87 [2d Cir 1996]). Malice can be implied in a person's actions and shown "when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another" (Voyatzoglou v Hambley (In re Hambley), 329 BR 382, 402 [Bankr EDNY 2005]).

While there is are no published decisions in the Second Circuit relating to nonconsensual pornography, several neighboring districts have determined that the actions lead to a

7

nondischargablility of debt (see Hoewischer v White (In re White), 551 BR 814, 827 [Bankr SD Ohio 2016]; see also B.B. v Grossman (In re Grossman), 538 BR 34, 38 [Bankr ED Cal 2015]).

In re Grossman specifically addressed revenge porn, beginning the decision with the declaration that "Revenge porn comes to bankruptcy." The court was tasked with determining whether the act of "upload[ing a] private video on a pornography website, labeling it with the plaintiff's maiden name and married name and the tags 'amateur / ex-girlfriend'" was sufficient to support a claim (Id. at 35). The Court held that, if proven to be true, the Plaintiff satisfied the willful requirement because:

> Uploading the video onto the pornography website was self-evidently no accident. In addition, the defendant's acts of identifying the plaintiff by both her maiden and her married names are circumstances indicative of a subjective intent to embarrass and humiliate her, inviting harassment, shaming, stalking, or worse.
> (Id. at 39-40).

When considering the "malicious" prong, the court found that:

> Here, there is direct evidence of factual malice. The defendant's animus towards the plaintiff and intent to injure the plaintiff is inherent in his act of labeling the uploaded sex tape with the tag "ex-girlfriend." It reeks of revenge and of intention to embarrass and humiliate the plaintiff in a manner that necessarily causes damages by inviting harassment, shaming, stalking, or worse.
>
> In other words, the facts alleged in the First Amended Complaint support a determination by a trier of fact that the defendant's conduct was "malicious" under the requisite standard of being wrongful, intentional, inexcusable, and necessarily damaging to reputation and psyche.
> (Id. [internal citations omitted]).

Similar to the debtor in Grossman, there is no doubt that Defendant's actions were willful and malicious. It was no accident that Defendant undertook the above-described acts as she was acting in retaliation for Plaintiff contacting her boyfriend about her infidelity. In addition to her actions, Defendant's words demonstrate her maliciousness, as she was specifically provided with

New York's laws against nonconsensual pornography and callously told Plaintiff to call a lawyer. Defendant further sharing Plaintiff's intimate content with a mutual friend was further designed to harm Plaintiff and intimidate her into further isolating herself from friends the two women had in common for fear that Defendant would disseminate the content even more. Worse yet, when Plaintiff initiated a lawsuit against Defendant and attempted to litigate the matter on its merits, Defendant continued to mock Plaintiff and the legal process by pinning the papers to her ceiling. Defendant had no issue causing continued harm and frustration to Plaintiff and only took action once wage garnishment began, at which point she declared bankruptcy. The concept that an individual could terrorize another person with intimate images in violation of civil and criminal laws, refuse to participate in the lawsuit against her except to mock it, and then avoid culpability by declaring bankruptcy offends every notion of justice imaginable. Condoning Defendant's behavior would be inconceivable.

**POINT III**

**SUMMARY JUDGMENT IS WARRANTED BECAUSE JUDGE NERVO'S FINDINGS THAT THE DEBTOR VIOLATED NEW YORK CITY ADMINISTRATIVE CODE §10-180 AND CIVIL RIGHTS LAW 52-B ARE PRECLUSIVE AS TO THE DEBTOR'S WILLFULNESS AND MALICIOUSNESS**

The trial on damages and default judgment focused on violations of §52-b of the Civil Rights Law and §10-180 of the New York City Administrative Code (Exhibits 3,6). A jury verdict is entitled to preclusive effect where the state court finds that a debtor acted willfully and maliciously. See e.g. Matos v. Hiraldo (In re Hiraldo), 661 B.R. 26, 32, 32 (Bankr. S.D.N.Y. 2024).

A person violates New York City Administrative Code §10-180, when:

without the depicted individual's consent, with the intent to cause economic, physical or substantial emotional harm to such depicted individual, where such depicted individual is or would be identifiable to another individual either from the intimate image or from the circumstances under which such image is disclosed <u>NYC Administrative Code 10-180</u>

Additionally, a violation of Civil Rights Law §52-b occurs "when for the purpose of harassing, annoying or alarming such person" a defendant "disseminated or published, or threatened to disseminate or publish" and intimate image. <u>Civil Rights Law §52-b</u>. The Supreme Court concluded that the debtor "with the intent to cause economic, physical or substantial emotional harm" to Marissa and for the "purpose of harassing, annoying or alarming" Marissa, shared her intimate images.

The elements of both of the statutes demonstrate the debtor's willful conduct and malicious intent when she shared Marissa's pictures over the course of several months. The findings of the Supreme Court on liability should not be disturbed.

For all of the foregoing reasons, it is respectfully requested that Plaintiff's Motion for Summary Judgment be granted.

Dated: October 8, 2024
       New York, New York

                                                                 <u>     /s/  Daniel S. Szalkiewicz     </u>
                                                       By:    Daniel S. Szalkiewicz, Esq.
                                                             Cali P. Madia, Esq.