# Exhibit
# 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

M.H.,

                          Plaintiff,

    -against-

E.T. A/K/A E.M.,

                          Defendant.

**SUMMONS AND
COMPLAINT**

Index No. :

To the Above-Named Defendant:

    **You are hereby summoned** to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within thirty days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

    The basis of venue is Plaintiff's domicile.

Dated: New York, New York
       July 13, 2020

                               Yours, etc.,

                               *Cali Madia*

                               **DANIEL SZALKIEWICZ & ASSOCIATES, P.C.**
                               Cali P. Madia
                               Daniel S. Szalkiewicz, Esq.
                               *Attorney for the Plaintiffs*
                               **116 Pinehurst Ave., A44**
                               New York, NY 10033
                               Tel: (212) 706-1007
                               Fax: (914) 500-2315

To: E.T. a/k/a E.M., 235 E 50th Street, Apt. 5-1, New York, New York 10024

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

M.H.,

                          Plaintiff,

    -against-

E.T. A/K/A E.M.,

                      Defendants.

**COMPLAINT**

Index No.:

Plaintiff M.H. ("Plaintiff" or "M.H."), by her attorneys DANIEL SZALKIEWICZ & ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff and defendant E.T. A/K/A E.M. ("Defendant") know each other through Plaintiff's boyfriend Adam who, for a time, lived in the same Manhattan apartment as Defendant.

2. On or about February 12, 2020 Plaintiff informed Defendant's boyfriend Fran that Defendant had been unfaithful to him during their relationship.

3. Approximately two hours after Plaintiff and Fran discussed Defendant's infidelities, Defendant sent to Plaintiff an intimate video and image depicting Plaintiff.

4. On June 23, 2020, Plaintiff was contacted by an acquaintance who knew both Plaintiff and Defendant through Instagram. The message contained another intimate image of which Defendant is in possession.

5. Defendant has been sharing the images for no purpose other than to exact revenge upon Plaintiff in retaliation for telling her boyfriend she had been disloyal.

1

6.      Plaintiff has alerted Defendant of the illegality of the actions, and, in response, Defendant has stated, in sum and substance, that she was doing it because Plaintiff contacted her boyfriend, that she felt she was entitled to do it because Plaintiff is older than 18, and that if Plaintiff had an issue with it, Plaintiff should call a lawyer.

7.      Plaintiff's has been devastated by Defendant's actions and is currently undergoing counseling for the same.

## THE PARTIES

8.      Plaintiff M.H. is a resident of the County of New York, State of New York.

9.      Defendant E.T. A/K/A E.M is a resident of the County of New York, State of New York.

## STATEMENT OF FACTS PERTAINING TO ALL CAUSES OF ACTION

10.     In February 2020, M.H. was dating Adam and Defendant was dating Fran.  Adam and Defendant lived in the same apartment along with two other roommates.

11.     Plaintiff came to learn that, during the course of her relationship with Adam, Adam had slept with Defendant.

12.     As Defendant and Adam continued to live in the same apartment, M.H.'s fears that Adam would again be unfaithful to her grew and grew, until she eventually reached out to Defendant's boyfriend, Fran.

13.     At approximately 7:24 p.m. on February 12, 2020, Plaintiff alerted Fran that Defendant had cheated on him.

2

14.     At 9:05 p.m. on the same day, Defendant sent to Plaintiff through Facebook an intimate video and intimate image depicting Plaintiff; two minutes later, Defendant used Instagram to send Plaintiff another intimate image of Plaintiff.

15.     The bottom of the intimate image showed Defendant's camera roll, which establishes that Defendant is in possession of additional intimate images/videos of Plaintiff beyond what she chose to send to Plaintiff on February 12, 2020.

16.     The intimate media sent by Defendant shows Plaintiff's face and fully naked body with the video showing each and every one of her intimate areas and the image showing her exposed buttocks and vagina.

17.     When Plaintiff alerted Defendant as to the illegality of her actions and made it clear to Defendant that she had not consented to their dissemination, Defendant wrote:

- You're over 18 babygirl
- You hit up my ex?
- Cute
- Call a lawyer bb

18.     Months later, on June 23, 2020, Plaintiff received an Instagram message from a third party named Taras who knows both Plaintiff and Defendant; in the message was yet another intimate image depicting Plaintiff.

19.     Upon information and belief, when Defendant saw that Taras was communicating with Plaintiff, she sent one of Plaintiff's intimate images to Taras' phone, took the phone, and then taunted Plaintiff with the intimate image. Defendant used Taras' account to write "I like em" and "Can you send better ones?"

20.     In using Taras' phone and account to harass Plaintiff, Defendant put Taras in possession of at least one of Plaintiff's intimate images.

3

21.     That night and many nights thereafter, Plaintiff cried herself to sleep, heartbroken that Taras had seen her naked body.  Plaintiff's mind routinely spirals to the other people to whom Defendant has shown the content and whether, by initiating this lawsuit, Defendant will again retaliate by sending the content to more people or even posting it online.

22.     Plaintiff is rightly fearful that Taras is just one of many individuals with whom Defendant has shared her intimate images and videos as part of her twisted retaliatory scheme and that Defendant has not finished her dissemination of the content.

23.     Plaintiff's life has been devastated by Defendant's actions.  Since Defendant disseminated the intimate content, Plaintiff has suffered from extreme anxiety and despair.

24.     Though Plaintiff has sought counseling, New York's stay at home order has so far thwarted her ability to speak with a professional about the oppressive weight she feels surrounding Defendant's weaponization of her intimate images and videos.

25.     While COVID-19 has sequestered Plaintiff and the rest of the city inside of their homes with their technology, Plaintiff has grown terrified of her devices as she is always fearful that she will open her phone or computer to find another message from Defendant or learn of another third party with whom Defendant has shared the content.

26.     Forced by the pandemic to stay inside and strong armed by Defendant into retreating from digital interactions which once brought her comfort, Plaintiff has spent the past several months depressed and withdrawn.

27.     Defendant has experienced many sleepless nights and feels helpless to stop Defendant from sending the intimate content to additional individuals or even uploading it online.

28.     Even walking around Manhattan brings Plaintiff an overwhelming sense of dread, as Defendant works at Kleinfeld's Bridal which is located near Plaintiff's brother's apartment. Worse yet, Defendant resides just over a block away from Plaintiff's place of work.  Though Plaintiff makes a conscious effort not to walk in front of either building, she is constantly worried that she will run into Defendant on the street and fears that it will result in another round of harassment.

## FIRST CAUSE OF ACTION
### (Violation of New York City Administrative Code §10-180)

29.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

30.     Defendant disclosed the Plaintiff's intimate images and videos without her permission or consent.

31.     The intimate videos sent by Defendant depicts Plaintiff's face and fully naked body in various positions, exposing each and every one of her intimate body parts.  One still photo shows Plaintiff's face and exposed buttocks and another shows Plaintiff's face as well as her exposed breasts.

32.     Defendant was fully aware that Plaintiff did not want the images disseminated and was further informed of the fact that Plaintiff intended the images to remain private when Plaintiff informed her of the applicable state law against such dissemination.

33.     Defendant had no legitimate purpose for disclosing the images to a third party, nor did she have any valid reason to terrorize Plaintiff with them.  Defendant only did so to cause Plaintiff substantial emotional, physical, and economic harm.

5

34.     Plaintiff was readily identifiable in the intimate images and video, all of which clearly show her full face.

35.     The Defendant further threatened to share the images with third parties.

36.     Upon information and belief, the Defendant has provided the images and videos. of Plaintiff to third parties and has showed the images and videos to numerous third parties.

37.     Although a criminal statute, the code provides for civil remedies:

> (a) Compensatory and punitive damages;
> (b) Injunctive and declaratory relief;
> (c) Attorneys' fees and costs; and
> (d) Such other relief as a court may deem appropriate.

38.     As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

39.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

40.     Plaintiff had a reasonable expectation that the images and videos, when recorded, would remain private.  Defendant should have been aware that they were not to be disseminated prior to her dissemination of them, but at the very least became aware on February 23, 2020 at approximately 9:15 p.m. when Plaintiff sent to her the applicable state law governing the unlawful dissemination of intimate images.

6

41.     The images and videos disclosed by Defendant contained the exposed intimate parts of Plaintiff.

42.     The Defendant disseminated and published Plaintiff's intimate video and images without Plaintiff's permission or consent.

43.     The Defendant further threatened to share the images with third parties.

44.     Upon information and belief, the Defendant has provided the images and videos. of Plaintiff to third parties and has showed the images and videos to numerous third parties.

45.     The images and video were shared for the purpose of harassing, annoying or alarming the Plaintiff.

46.     As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

47.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

48.     Defendant has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's nude photographs and a video, weaponizing her naked body in order to cause maximum humiliation among their circle of friends.

49. Defendant did this for the clear purpose of retaliating against Plaintiff for informing her then-boyfriend that she had cheated on him and to cause Plaintiff extreme emotional distress.

50. Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

51. Defendant's sole purpose in sharing the images and video was to harass and/or embarrass Plaintiff and cause third parties, including but not limited to their mutual acquaintance Taras, to view Plaintiff in a sexual position.

52. Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress. Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

53. The timing of Defendant's initial messages demonstrates that Defendant knew this would cause Plaintiff severe emotional distress and specifically undertook to accomplish just that.

54. As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

55. Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that her actions would cause severe emotional distress.

56. Defendant's actions have caused Plaintiff to retreat from the world and her friend groups. Plaintiff has lost sleep and has grown deeply anxious about the prospect that Defendant's harassment has only just begun. Plaintiff feels as though she must be vigilant about her paths around the city to avoid running into Defendant on the street and is conscious about not

8

walking down streets which she knows Defendant frequents. Plaintiff wonders who has already seen and could possibly still see her most intimate video and images.

57.     Plaintiff has been forced to retain the services of an attorney to pursue a lawsuit against Defendant.

58.     Plaintiff is forced to live every day with the knowledge that Defendant is in possession of her intimate images and video and that Defendant and their friend Taras have seen her engaging in intimate acts. Plaintiff experiences constant anxiety that Defendant has already or will someday in the future send the content to a wider audience.

59.     Here, the acts of Defendant were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental wellbeing, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

60.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for her willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

9

**WHEREFORE**, Plaintiff demands judgment against Defendant on all causes of action in the sum of the amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, plus punitive damages, the costs of this action, pre-judgment interest and reasonable attorney's fees as permitted under the law, together with such other and further relief as the Court may deem just and proper,

Dated: New York, New York
July 13, 2020

**Daniel Szalkiewicz & Associates, P.C.**

By: Daniel S. Szalkiewicz, Esq.

10