# Exhibit 2

DocuSign Envelope ID: B77E94DA-1133-4F92-B2BA-ABB8B3C58C46

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

M.H.,

        Plaintiff,

-against-

E.T. A/K/A E.M.,

        Defendant.

**Affidavit of Merit**

Index No. : 155395/2020

STATE OF NEW YORK    )
                                 ) ss.
COUNTY OF NEW YORK  )

    Marisa Hahn, being duly sworn, deposes and says:

1.    I am the Plaintiff in the above action and am fully and personally familiar with the facts and circumstances of this matter.

2.    I submit this Affidavit of Merit in support of my request for a default judgment against the Defendant Emily Marks ("Defendant").

3.    I know Defendant through my boyfriend, Adam who, for a time, lived with Defendant in the same Manhattan apartment.

4.    At some point during our relationship, Adam and Defendant slept together. One day, upset and in search of answers, I reached out to Defendant's boyfriend, Fran, to try to learn more about what Defendant had hold him about the incident.

5.    On February 12, 2020 at 9:05 p.m, approximately two hours after I spoke with Fran, Defendant sent me my own intimate video and image by Facebook message. The fourteen second video shows me naked with my buttocks fully exposed; my face is fully visible

1

at multiple points throughout the video. The image appears to be a screenshot from the same video taken while my face is in full view.

6. Two minutes later, Defendant contacted me on Instagram, this time sending me an image of myself where I am fully naked, with my breasts and genitals exposed. Like with the last photo, my face is clear and visible. Notably, Defendant's camera roll is visible at the bottom of the image, revealing that Defendant is in possession of a large arsenal of my intimate images and/or video.

7. I sent Defendant a screenshot of New York's revenge porn law which makes it illegal to threaten to or actually disseminate the intimate image of another. Instead of apologizing or even backing down, Defendant simply began taunting me, telling me I was over 18 and saying I should call a lawyer. The conversation ended with me telling her that I intended to do just that.

8. Thereafter, several months passed. I hoped Defendant had taken my vow to call a lawyer seriously and moved on with her life. Unfortunately, that was not the case.

9. On June 23, 2020, I received an Instagram message from a mutual friend, Taras. The message was the same image that Defendant had sent to me via Instagram in February, showing my clearly visible face along with my breasts and genitals. The image was sent to me from Taras' account. I then received several written messages from Taras' account that included "I like em" and "Can you send better ones?"

10. I was horrified and continued to be. Taras was a friend and he is now in possession of at least one of my intimate images.

11. Defendant and I have many mutual friends; I cannot begin to imagine how many other people with whom she has shared my intimate images and/or videos. I fear interacting

2

with many friends I once saw and spoke with often because I worry that Defendant will again grow possessive and retaliate against me in the same way as she did with Taras.

12. Between Defendant's implicit threat to disseminate my images/videos and then her eventual follow through with Taras, what Defendant did to me has had a lasting effect on my mental state. I have spent many nights since February 2020 feeling like I had nowhere to turn and wondering who I can trust.

13. Even during the throes of the COVID-19 pandemic, while the rest of the world relied on their phones as their lifeline to the outside world, I only grew more fearful of them. I avoided using social media, as I was worried that my presence or interactions might elicit a negative response from Defendant. I worried that something as simple as a message to a person we both knew could lead to Defendant sending that person my images or, even worse, uploading them online.

14. Similarly, Defendant's actions have even caused me to rethink where I walk, as I am careful to avoid blocks near which Defendant works, lives, or is known to frequent. I worry that any interaction will trigger more of Defendant's vindictive behavior and cause me further humiliation.

15. In short, Defendant's dissemination of the image to a mutual friend, and the implicit threat that Defendant will do it again looms over my head on a daily basis. It has been a horrifically traumatic event in my life.

16. Therefore, I respectfully request that this Court grant this default motion.

DocuSigned by:

*Marisa Hahn*

**Marisa Hahn**

Sworn before me this 12 day of January, 2022

_____
Notary Public

**DANIEL SZALKIEWICZ, ESQ.,** an attorney admitted to practice law in the Courts of the State of New York, pursuant to C.P.L.R. §2106, declares under penalty of perjury as follows and says:

1. I am a Notary Public in the State of New York.
2. I personally sent Marisa Hahn a copy of the Affidavit through the DocuSign.
3. DocuSign then transmitted the signed Affidavit form to my office.
4. I then called Michelle and she confirmed she signed the sworn document via DocuSign.
5. I submit this verification pursuant to Executive Law Section 137-A.

Dated: January 17, 2022
       New York, New York

                                                Daniel S. Szalkiewicz, Esq.