# Exhibit 5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| M.H., | |
| Plaintiff, | **Affirmation in Support** |
| -against- | |
| E.T. A/K/A E.M., | Index No. : 161144/2020 |
| Defendant. | |

DANIEL S. SZALKIEWICZ, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to § 2160 of the CPLR:

1. I am a member of DANIEL SZALKIEWICZ & ASSOCIATES, P.C., the attorneys of record for the plaintiff, M.H. a/k/a Marisa Hahn, in this matter.

2. I am fully familiar with the facts and circumstances of this matter from my firm's file on this matter kept in the ordinary course of business and from information provided by our client.

3. I submit this affirmation in support of Plaintiff's application for an order pursuant to CPLR § 3215(a) directing that a default judgment be entered against the Defendant E.T. a/k/a Emily Marks s/h/a/ E.M. (the "Defendant").

4. This action was commenced to recover damages for violations of New York City Administrative Code §10-180; violation of Civil Rights Law §52-b; and the intentional infliction of emotional distress.

5. The Defendant, without Plaintiff's permission or consent, threatened to and then did actually disclose intimate images of Plaintiff without her permission or consent. Plaintiff was readily identifiable in the intimate images, which depict her face.

6. An action was commenced by the filing of a Summons and Complaint on July 13, 2020, annexed hereto as Exhibit "1[.]"

7. Plaintiff also filed an Order to Show Cause in tandem with her Summons and Complaint seeking the Court's permission to proceed using her initials. On March 1, 2021, the Court signed an Order to Show Cause (annexed hereto as Exhibit "2") directing Defendant to appear and show cause why, among other things, Plaintiff should not proceed using her initials. The Order to Show Cause further indicated that Defendant must be served with the papers on or before the 5th of March, 2021. Defendant was served with the Order to Show Cause and the underlying papers on March 3, 2021 (Exhibit "3")[1]. The Affidavit of Service indicates that the papers were served on Defendant's roommate, Claudia Bernard, and an additional copy of the papers were sent in an envelope addressed to Defendant on March 4, 2021.

8. The Affidavit of Service was filed with the Court on July 30, 2021.

9. Neither Defendant nor her attorney has filed any documents or contacted my office, though I was initially e-mailed by an attorney, Mr. Jeffrey M. Fried, who stated he represented Defendant on March 30, 2021; we also spoke on the phone shortly thereafter. On September 23, 2021, I e-mailed Defendant's attorney to inquire as to his client's intentions of cooperating with the lawsuit; to date, he has not yet responded.

---

[1] On April 12, 2021, this Court denied Plaintiff's motion to proceed using her initials and vacated the temporary restraining order enjoining Defendant from disseminating photographs or video.

## A DEFAULT JUDGMENT SHOULD BE ENTERED

10. In view of the foregoing, the within application is made pursuant to CPLR § 3215(a), which states:

> When a defendant has failed to appear, plead or proceed to trial of an action…the plaintiff may seek a default judgment against him. If the plaintiff's claim is for a sum certain or for a sum which can by computation be made certain, application may be made to the clerk within one year after the default. The clerk, upon submission of the requisite proof, shall enter judgment for the amount demanded in the complaint or stated in the notice served pursuant to subdivision (b) of rule 305, plus costs and interest. . .

11. CPLR § 3215(f) reads, in pertinent part, as follows:

> On any application for judgment by default, the applicant shall file proof of service of the summons and the complaint, or a summons and notice served pursuant to subdivision (b) of rule 305 or subdivision (a) of rule 316 of this chapter, and proof of the facts constituting the claim, the default and the amount due by affidavit made by the party, or where the state of New York is the plaintiff, by affidavit made by an attorney from the office of the attorney general who has or obtains knowledge of such facts through review of state records or otherwise. Where a verified complaint has been served, it may be used as the affidavit of the facts constituting the claim and the amount due; in such case, an affidavit as to the default shall be made by the party or the party's attorney. When jurisdiction is based on an attachment of property, the affidavit must state that an order of attachment granted in the action has been levied on the property of the defendant, describe the property and state its value. Proof of mailing the notice required by subdivision (g) of this section, where applicable, shall also be filed.

12. Based on the above facts, Plaintiff respectfully requests that the Court enter a judgment of Default against Defendant. Despite valid service of the Summons and Complaint and Defendant apparently hiring an attorney to represent her in this action, Defendant has failed to enter an appearance or answer the Complaint; accordingly, Defendant is in unexcused default.

13. No previous application for the relief sought herein has been made to this or any other Court.

3

**WHEREFORE**, it is respectfully requested than an Order be entered, pursuant to CPLR §3215(a), directing that a Default Judgment be entered against Defendant and setting this matter down for an inquest in favor of the Plaintiff, together with attorney fees; and for such other and further relief which this Court deems just and proper.

Dated: January 17, 2022
New York, New York

By: Daniel S. Szalkiewicz, Esq.

CERTIFICATION PURSUANT TO 22 N.Y.C.R.R. § 202.8-b

     Pursuant to 22 N.Y.C.R.R. § 202.8-b, the undersigned counsel, relying on the Word Count of the word-processing system used to prepare the foregoing document, hereby certifies that there are 1,025 words in the document and that the document complies with the word count limit.

Dated: January 17, 2022
       New York, New York

                                                                Daniel Szalkiewicz, Esq.