**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Emily Marks, | ) | Chapter 7 |
| | ) | Case No. 23-11594 (DSJ) |
| Debtor. | ) | |

-----------------------------------------------------------------

|  |  |  |
|---|---|---|
| Marisa Hahn, | ) | |
| Plaintiff, | ) | Adv. Proc. No. 23-01189 (DSJ) |
| v. | ) | |
| Emily Marks | ) | |
| Defendant. | ) | |

-----------------------------------------------------------------

**MEMORANDUM DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARYJUDGMENT**

**APPEARANCES:**

**DANIEL SZALKIEWICZ & ASSOCIATES, P.C.**
*Counsel for Plaintiff*
23 West 73rd Street
Suite 102
New York, NY 10023
By:    Daniel Szalkiewicz, Esq.

1

**DAVID S. JONES**

**UNITED STATES BANKRUPTCY JUDGE:**

This Memorandum Decision resolves Plaintiff's unopposed motion for summary judgement (the "Motion"), [ECF No. 20], in this adversary proceeding seeking a determination that Plaintiff's pre-petition $1-million-plus state court judgment against the Debtor is nondischargeable under Section 523(a)(6) of the Bankruptcy Code. The judgment arises from the Debtor's unauthorized, pre-petition electronic transmittal of intimate images of Plaintiff on two occasions, once after Plaintiff objected and informed Debtor of New York State legal prohibitions on such conduct. For the reasons explained below, I conclude that no genuine dispute of material fact exists and that Plaintiff is entitled to a determination that the debt at issue is nondischargeable under § 523(a)(6). First, applying principles of collateral estoppel, the elements of the state-law causes of action are such that the pre-petition state-court judgment that Plaintiff obtained against Debtor necessarily establishes "willful and malicious injury by the debtor to another" as those terms are used in § 523(a)(6). Second, Plaintiff has made an unrebutted evidentiary showing establishing that the elements of § 523(a)(6) have been met here, and Debtor has failed to controvert that showing or to make out any factual or legal defense to the claims against her.

## BACKGROUND

### A. Defendant's Conduct and Impact on Plaintiff

Unless otherwise indicated, the following facts are drawn from Plaintiff's "Statement Pursuant to Local Rule 7056-1 of Material Facts as to Which Plaintiff Contends There Is No Genuine Issue to Be Tried" [ECF No. 20-1], and the supporting evidence cited therein. Debtor did not file a counterstatement or otherwise contest any of these factual assertions.

2

In early 2020, defendant Emily Marks (the "Debtor" or "Defendant") shared an apartment with the boyfriend of plaintiff Marisa Hahn (the "Plaintiff"). 7056-1 St. ¶ 1. In or about February 2020, Plaintiff learned that her boyfriend and Debtor "had slept together." *Id.* Plaintiff then "contacted Defendant's boyfriend to learn more about what Defendant had told him about the incident." *Id.* ¶ 2. Approximately two hours later, Debtor "sent to Plaintiff intimate content depicting Plaintiff which Plaintiff's then-boyfriend Adam had captured of her." *Id.* ¶ 3. Specifically, the messages from Debtor to Plaintiff "contained one fourteen second video and one photograph and showed Plaintiff naked with her buttocks fully exposed and face fully visible." *Id.* Two minutes later, using Instagram (but not in a manner that has been alleged to be generally publicly accessible), Debtor sent Plaintiff another image depicting "Plaintiff's fully visible face as well as her exposed breasts and genitals," with the image including a "camera roll, revealing [Debtor] possessed an arsenal of intimate images and/or videos of Plaintiff." *Id.* ¶ 4.

In response, Plaintiff sent the Debtor a screenshot of a summary of New York's law prohibiting the dissemination of nonconsensual pornography, *i.e.*, disseminating or threatening to disseminate another person's intimate content. *Id.* ¶ 5. Debtor responded with a message that "belittled and dismissed Plaintiff, telling her to call a lawyer." *Id.* By way of example, Debtor's reply included, "You're over 18 babygirl . . . You hit up my ex? . . . Cute." *Id.* ¶ 6.

Roughly four months later, on June 23, 2020, Debtor accessed and used the Instagram account of a mutual friend of hers and Plaintiff's to re-send to Plaintiff, from the friend's account, "one of the images she had previously sent to Plaintiff. The image showed Plaintiff's face, breasts, and genitals and was followed by messages which included 'I Like em'" (again, from a third person's account). *Id.* ¶ 7. Debtor also found and messaged Plaintiff's father on Facebook, although that communication evidently did not include intimate images. *Id.* ¶ 8.

3

Plaintiff alleges severe harms from these incidents, including that she was "inconsolable," that she "had little idea how far Defendant would go and whether it would impact her professionally or personally," and that she felt suicidal to the point she called a suicide hotline. *Id.* ¶ 9. Plaintiff's personal relationships suffered and she changed her movement patterns around the city because she feared encountering Defendant and triggering further dissemination of her intimate images. *Id.* ¶¶ 10-11. Plaintiff ultimately received treatment for depression and anxiety among other conditions. *Id.* ¶12. Plaintiff has since moved away from New York City. *Id.* ¶ 12.

### B. The State Court Action

On July 13, 2020, Plaintiff filed a Summons and Complaint in the Supreme Court of the State of New York, County of New York ("State Court Action"). *Id.* ¶ 13. The complaint alleged the following causes of action against Debtor: (i) violation of New York City Administrative Code §10-180, (ii) violation of New York's Civil Rights Law §52-b, and (iii) intentional infliction of emotional distress. [ECF No. 20-7 at 2]. An affidavit of service attesting that the Debtor was served with the complaint was filed with the state court on July 30, 2021. *Id.* at 3. Upon receipt of the complaint, Debtor pinned it to her ceiling. [ECF No. 20-1 ¶ 15]. Subsequently, a lawyer contacted Plaintiff's attorney on the purported behalf of the Debtor. However, that lawyer ultimately did not file a Notice of Appearance or an Answer on behalf of the Debtor; no counsel appeared for Debtor and Debtor failed to answer or move with respect to the complaint. *Id.* ¶ 16.

On June 1, 2022, the state court entered a default judgment against the Debtor, finding that "plaintiff has established proof of service, proof of the underlying facts, and defendant has failed to appear." [ECF No. 20-8 at 2]. On September 13, 2022, on notice to Debtor but without Debtor's attendance or participation, the state court conducted a damages inquest proceeding at which

4

Plaintiff and an expert testified. The state court thereafter entered a judgment (the "State Court Judgment") in the amount of $1,240,087.97 against the Debtor. [ECF No. 20-1 ¶¶ 20-21].

### C. The Bankruptcy Filing

On October 5, 2023, shortly after Plaintiff sought to enforce her judgment through wage garnishment, the Debtor filed a Chapter 7 bankruptcy petition[1] in this Court. [Bk. ECF No. 1]. On October 17, 2023, the Plaintiff commenced this adversary proceeding seeking a judgment (i) giving collateral estoppel effect to the court's findings in the State Court action, (ii) determining that the debt owed to Plaintiff are nondischargeable under 11 U.S.C. §523(a)(6), and (iii) awarding costs and fees. [ECF No. 1].

On January 29, 2024, this Court granted a request by Debtor that the Court construed as a motion to extend her time to file an answer or motion, along with a request for assistance locating counsel. [ECF No. 8]. As that order recited, Court personnel provided Debtor with a list of counsel and referral sources for potential pro bono representation. On February 20, 2024, Debtor through pro bono counsel filed a one-page answer generally denying the complaint's allegations [ECF No. 11]. After some delay, the Court conducted a pretrial conference and, on May 30, 2024, the Court entered a scheduling order setting forth deadlines for initial disclosures, and for the completion of fact discovery by August 30, 2024, with neither party having proposed expert discovery and with a further status conference set for September 12, 2024. [ECF No. 15].

On September 10, 2024, in anticipation of the September 12 status conference, Plaintiff's counsel filed a letter reporting that Debtor failed to serve initial disclosures as required or to

---

[1] References to docket entries from the above-captioned Chapter 7 proceeding, No. 23-11594 (DSJ), will be to Bk. ECF No. __.

5

respond to any discovery requests despite those requests having been timely filed on July 10, and despite follow up inquiries from Plaintiff. [ECF No. 17]. Following discussion at the September 12 conference, which Debtor did not attend, the Court entered a further scheduling order [ECF No. 18] authorizing the filing of a summary judgment motion with any such motion due by October 15 and any opposition due by November 14. On September 14, 2024, the Court mailed the order to Defendant at her address of record. [ECF No. 19].

Plaintiff filed a timely motion for summary judgment, along with supporting evidence and a Statement of Undisputed Material Facts pursuant to Local Bankruptcy Rule 7056-1. [ECF No. 20]. Debtor did not file a response to the motion, and, despite Court staff having emailed her a further notice of the December 5 hearing along with Zoom sign-in information, Debtor did not appear for that hearing. The Court conducted the hearing as scheduled and reserved decision.

## **DISCUSSION**

### A. Jurisdiction

The United States District Court for this District has original jurisdiction over the instant adversary proceeding pursuant to 28 U.S.C. § 1334(b). This Court possesses the authority to hear and determine the proceeding on reference from the District Court pursuant to 28 U.S.C. § 157(a) and (b)(1) and the District Court's Amended Standing Order of Reference No. M-431 (dated Jan. 31, 2012, filed Feb. 1, 2012). This is a 'core proceeding' pursuant to 28 U.S.C. § 157(b)(2)(I) (core proceedings include "determinations as to the dischargeability of particular debts"). This Court possesses the authority to enter a final judgment in a dischargeability action consistent with Article III of the United States Constitution. *See In re Deitz,* 760 F.3d 1038, 1046 (9th Cir. 2014).

6

### B. Summary Judgment Standards

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056). This Court's Local Rules require motions for summary judgment to be accompanied by "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Bankruptcy Rule 7056-1(b). The same Local Rule provides that "[e]ach numbered paragraph in the statement of material facts required to be served by the moving party shall be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Bankruptcy Rule 7056-1(e). While the "non-moving party need not respond to the motion .... a non-response runs the risk of unresponded-to statements of undisputed facts prof[f]ered by the movant being deemed admitted." *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014) (citing Fed. R. Civ. P. 56(e)(2)).

The mere "failure to oppose a motion for summary judgment alone does not justify the granting of summary judgment." *Vermont Teddy Bear Co. v. 1–800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). Rather, "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Vermont Teddy Bear Co.,* 373 F.3d at 244). When adjudicating a summary judgment motion, the court "must be satisfied that the citation to evidence in the record supports the assertion" set forth in the statement of undisputed facts, even if unopposed. *Vermont*

7

*Teddy Bear*, 373 F.3d at 244. "And, of course, the court must determine whether the legal theory of the motion is sound." *Jackson*, 766 F.3d at 194.

### C. Collateral Estoppel Effect of the State Court Judgment

Plaintiff argues that the State Court Judgment precludes any dispute as to the material facts and establishes, as a matter of law, that the debt arising therefrom is not dischargeable under 11 U.S.C. § 523(a)(6). The Court agrees.

In the "willful and malicious injury" and other nondischargeability contexts, where the debt in question has been established by a pre-petition judgment, "either party to a subsequent adversary proceeding on nondischargeability can invoke collateral estoppel to establish that the debt is or is not dischargeable under the relevant nondischargeability provision." *In re Renison*, 568 B.R. 180, 184-85 (Bankr. D. Conn. 2017) (fraud claims subject to Bankruptcy Code § 523(a)(2)(A); *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (§ 523(a)(6); "Parties may invoke collateral estoppel to preclude relitigation of the elements necessary to meet a § 523(a) exception"); *see also, e.g.*, *In re DeTrano*, 326 F.3d 319, 322 (2d Cir. 2003) (citing *Grogan v. Garner*, 498 U.S. 279, 285–91 (1991)).

Bankruptcy courts follow the collateral estoppel laws of "the state where the prior action occurred …." *In re Soliman,* 515 B.R. 179, 185 (Bankr. S.D.N.Y. 2014) (citing *New York v. Sokol (In re Sokol),* 113 F.3d 303, 306 (2d Cir. 1997)) (internal quotations omitted). The prior action took place in New York, and so New York law applies here.

Under New York law, "collateral estoppel prevents a party from re-litigating an issue where (1) the identical issue was decided in the prior action and is decisive of the present action, and (2) the party had a full and fair opportunity to contest the prior determination." *In re Deutsch,* 575

8

B.R. 590, 598 (Bankr. S.D.N.Y. 2017) (internal citation omitted). Collateral estoppel "can apply in a denial of discharge adversary proceeding specifically where the state court judgment entered was a default judgment." *Id*. at 597 (Bankr. S.D.N.Y. 2017) (citing *Wharton v. Shiver (In re Shiver)*, 396 B.R. 110,119 (Bankr. S.D.N.Y. 2008)).

### i. Opportunity to Litigate

Plaintiff has demonstrated that Defendant/Debtor received proper service both at every step of the State Court Action, and in this adversary proceeding. In fact, an attorney purporting to act for Debtor contacted Plaintiff's counsel during the State Court Action but failed to file an appearance or take further action. [ECF No. 20-1 ¶ 16]. Debtor likewise had notice of the State Court damages inquest but failed to appear or otherwise contest Plaintiff's showing of entitlement to damages which the State Court credited. Thus, Debtor had a full and fair opportunity to litigate both in the State Court, and in this Court. Debtor has never contended otherwise, and "the burden of showing that the prior action did not afford a full and fair opportunity to litigate the issues rests with [] the party opposing the application of issue preclusion." *Kulak v. City of New York,* 88 F.3d 63, 72 (2d Cir. 1996) (citing *Schwartz v. Public Adm'r,* 24 N.Y.2d 65, 73 (1969)).

### ii. Identical Issues

To establish that collateral estoppel applies, a plaintiff must also prove that the issues litigated in a prior state court action are identical to the issues in the present action. *In re Deutsch,* 575 B.R. at 598.

A determination that a debt is nondischargeable under section 523(a)(6) of the Bankruptcy code requires a showing that the Debtor caused "willful and malicious injury." 11 U.S.C. §523(a)(6). The Second Circuit has held that, "[a]s used in [§ 523(a)(6)], the word 'willful'

9

indicates 'a deliberate or intentional *injury,* not merely a deliberate or intentional act that leads to injury'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1998)), and "[t]he injury caused by the debtor must also be malicious, meaning 'wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will.'" *Ball*, 451 F.3d at 69 (quoting *In re Stelluti,* 94 F.3d 84, 87 (2d Cir. 1996)). "Malice may be implied 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Ball*, 451 F.3d at 69 (internal citation omitted).

Here, the State Court Action involved allegations of the violations of (i) New York City Administrative Code § 10-180 and (ii) New York's Civil Rights Law § 52-b. New York City Administrative Code § 10-180 provides that "it is unlawful for a covered recipient to disclose an intimate image, without the depicted individual's consent, with the intent to cause economic, physical or substantial emotional harm to such depicted individual, where such depicted individual is or would be identifiable to another individual either from the intimate image or from the circumstances under which such image is disclosed." N.Y.C. Admin. Code § 10-180. Similarly, New York's Civil Rights Law §52-b prohibits the dissemination or publication of intimate images "for the purpose of harassing, annoying or alarming such person …." N.Y. Civ. Rights Law §52-b.

The elements of the state-court causes of action—particularly the intent-to-harm elements of the N.Y.C. Administrative Code cause of action, and arguably the purpose element of Civil Rights Law § 52-b—are substantially identical to the "willful and malicious injury" requirement of Bankruptcy Code §523(a)(6). Thus, the state-court judgment finding harm and awarding compensation for injuries suffered due to Debtor's violations of the relevant state-law provisions establishes "willful and malicious injury" caused to Plaintiff by Debtor.

10

Moreover, even if the elements of the state-law causes of action alone were not dispositive, the state court's judgment encompassed factual findings that are entitled to preclusive effect as against Debtor. The State Court specifically found that Debtor engaged in retaliatory and necessarily harm-intending conduct when she "unlawfully utilized various social media and electronic communication to send, or threaten to send, intimate photos of plaintiff." [ECF No. 1-4]. Even apart from the preclusive effect of the elements of the state-law causes of action, this finding of fact has preclusive effect here. *See In re Deutsch,* 575 B.R. at 598 (claim preclusion can be based on a default judgment).

In sum, the entry of a damages judgment based on Plaintiff's satisfaction of the elements of New York City Administrative Code § 10-180 and Civil Rights Law § 52-b are sufficient to establish that the judgment is for "willful and malicious injury" and thus is nondischargeable under section 523(a)(6). This conclusion is reinforced by the State Court's specific factual findings, which establish "willful and malicious injury" here even if the elements of the state-law causes of action might not be conclusive in all of their possible applications.

The Court pauses to note that the records of the state-court proceeding are properly before this Court and may properly be considered in this decision. State-court records including transcripts of proceedings are "self-authenticating" and may be considered in assessing a nondischargeability cause of action. *See Ball v. A.O. Smiith Corp.*, 451 F.3d at 71 (citing Fed. R. Evid. 902(4); *United States v. Lumumba*, 794 F.2d 806, 815 (2d Cir. 1986)).

### D. In the Alternative, Plaintiff Has Established Nondischargeability Under Section 523(a)(6) Without Reference to Collateral Estoppel Principles

11

Beyond principles of collateral estoppel, Plaintiff also is entitled to summary judgment on the alternative basis that she has shown the existence of undisputed facts that establish her entitlement to judgment as a matter of law.

To restate the showing that Plaintiff must make to prevail, a bankruptcy discharge does not discharge debts of individual debtors "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6). To prevail under the section, "[t]he Plaintiff must establish that: (1) the debtor acted willfully; (2) the debtor acted maliciously; and (3) the debtor's willful and malicious actions caused injury to the plaintiff or the plaintiff's property." *In re Sesum,* 662 B.R. 840, 852 (Bankr. S.D.N.Y. 2024) (citing *In re Soliman,* 539 B.R. 692, 698-700 (Bankr. S.D.N.Y. 2015)). The undisputed facts here establish that Plaintiff meets these requirements.

i. **Debtor Acted Willfully**

For the purposes of section 523(a)(6), a willful act refers to an act carried out with the intention to cause an injury. In other words, an intentional act that happens to lead to an injury, in the absence of an intent to harm, is not sufficient. *Kawaauhau v. Geiger,* 523 U.S. 57, 61 (1988). "A person intends to cause injury when he 'desires to cause consequences of his act, or … he believes that the consequences are substantially certain to result from it.'" *In re Soliman,* 515 B.R. 179, 191 (Bankr. S.D.N.Y. 2014) (citing Restatement (Second) of Torts § 8A (1965)). *See also In re Sesum,* 662 B.R. 840, 852 (Bankr. S.D.N.Y. 2024) (quoting *In re Fragala,* 645 B.R. 488, 499 (Bankr. E.D.N.Y. 2022)). Additionally, the willful requirement can be satisfied "if the debtor had actual knowledge that he or she was violating the law and the intent to bring about injury." *In re Horowitz,* No. 14-36884, 2016 WL 1039581, at *5 (Bankr. S.D.N.Y. Mar. 15, 2016) (quoting *Yash Raj Films (USA), Inc. v. Akhtar (In re Akhtar),* 368 B.R. 120, 127-28 (Bankr. E.D.N.Y. 2007)).

12

There are several ways that Debtor's undisputed conduct establishes her willfulness. One is that Plaintiff has conclusively shown that Debtor had actual knowledge that her actions were in violation of New York state laws before Debtor sent the June 2020 communications containing intimate images to Plaintiff from a friend's Instagram account that Debtor had accessed; and the conduct clearly was intended to bring about injury. *In re Horwitz*, 2016 WL 1039581, at * 5. In February 2020, in response to Debtor's initial harassing and unauthorized transmittal of Plaintiff's intimate images, Plaintiff sent Debtor a screenshot of a summary of applicable New York law precluding such dissemination, and she informed the Debtor that her actions were unlawful. Debtor replied, seemingly derisively, that Plaintiff should call a lawyer. [ECF No. 20-1 ¶ 6]. The record does not establish Debtor's pre-transmittal knowledge as of February 2020 of legal bars on sending unauthorized intimate images, but Plaintiff's reply to Debtor in February 2020 establishes such knowledge well before Debtor's June 2020 communication. Debtor fails to contest this showing, and it specifically, like all of Plaintiff's assertions of undisputed fact, is deemed admitted by operation of Local Bankruptcy Rule 7056-1. Further, the nature of Debtor's conduct and her hostile, mocking accompanying messages unmistakably show an intent to cause injury. And, again, Debtor has failed to contest either the facts or the legal contentions advanced by Plaintiff.

    ii.   **Debtor Acted Maliciously**

To make the required showing that the Debtor acted maliciously, a plaintiff must show that the debtor's conduct was "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-will." *Navistar Fin. Corp v. Stelluti (In re Stelluti),* 94 F.3d 84, 87 (2d Cir. 1996). Malice "is implied when anyone of reasonable intelligence knows that the act in question is contrary to commonly accepted duties in the ordinary relationships among people, and injurious to another." *United Orient Bank v. Green*, 215 B.R. 916, 928 (S.D.N.Y. 1997), *aff'd*, 172

13

F.3d 38 (2d Cir. 1999) (internal citation omitted). *See also In re Blankfort*, 217 B.R. 138, 143 (Bankr. S.D.N.Y. 1998) ("Behavior that the court cannot justify on any level will lead to non-dischargeability.").

There is little case law concerning whether the unauthorized dissemination of intimate images of another establishes malice specifically or, more generally, nondischargeability under § 523(a)(6), and the Court has found none issued by this Court or other courts within the Second Circuit. What case law exists from other courts has concluded that debts resulting from similar conduct are or can be non-dischargeable. *See, e.g.*, *B.B. v. Grossman (In re Grossman)*, 538 B.R. 34, 38 (Bankr. E.D. Cal. 2015) (denying motion to dismiss nondischargeability complaint in § 1328 case based on uploading a video to a pornography website; if proven, alleged conduct would satisfy willful and malicious elements identical to those that apply under § 523(a)(6) because the act was intentional and the intent to harm was inherent in the conduct alleged).

This Court agrees with the analysis of *In re Grossman*. The undisputed facts can only be understood by any reasonable person to be "contrary to commonly accepted duties in the ordinary relationships among people," *United Orient Bank*, 215 B.R. at 929, and is conduct that "the court cannot justify on any level," *In re Blankfort*, 217 B.R. at 143.

It is true that here, unlike in *In re Grossman*, the electronically transmitted illicit images were not posted on publicly available websites, at least as far as Plaintiff knows. But that goes to the degree of harm, and perhaps the degree of maliciousness, but it does not eliminate the proven existence of injury to Plaintiff, nor the foreseeability or intended nature of that injury, nor in any other respect the willfulness and maliciousness of Debtor's conduct.

### iii.    Debtor's Willful and Malicious Actions Caused Injury to the Plaintiff

Finally, section 523(a)(6) requires a showing that the Debtor's willful and malicious action injured the Plaintiff. As discussed above, Plaintiff has proven significant injury caused by the Debtor's actions. Specifically, at the inquest in the State Court Action, Plaintiff testified that Debtor's actions caused her to contemplate self-harm, contact a suicide hotline, seek mental health treatment, abruptly move to a different state, and withdraw from friends and family. [*See generally* ECF No. 20-5, Hearing Tr. at 12-18]. Expert testimony by a doctor qualified in the field of forensic psychology and image-based sexual harassment corroborated and further explained the injury caused by Debtor's actions. *Id.* at 28. The expert witness testified that the Plaintiff experienced social rupture ("a breach that radically disrupts the life and sense of self of the individual, as well as all their interactions with others."); constancy ("the feeling that victims have that they cannot escape the abuse …The constant threat of victim's photos being rediscovered, redistributed. It creates a constant fear, anxiety rather than distress, that require life-long treatment."); existential threat; isolation (when individuals are internally and physically socially distanced from others as a result of the distribution if images."); and constrained liberty ("the victim's inability to navigate the world."). *Id.* at 31-34.  The medical expert further testified that Plaintiff would need to continue seeing mental health professionals and psychiatrists into the future to cope with the trauma that Debtor's conduct caused her. *Id.* at 36:12-13. The State Court Judgment was specifically premised on demonstrated injuries in form of emotional distress and past and future medical expenses. *Id.* at 40:16-23. This body of evidence more than makes out the required showing that the Debtor's actions have caused and continue to cause injury to the Plaintiff.

Thus, Plaintiff has shown undisputed facts establishing all the elements of nondischargeability under section 523(a)(6) of the Bankruptcy Code. For this reason, and also through application of principles of collateral estoppel, Plaintiff's motion is granted.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for Summary Judgment is GRANTED.

Plaintiff shall submit a proposed order consistent with the foregoing on notice.

Dated: New York, New York
       December 13, 2024

                                               *s/ David S. Jones*
                                         Honorable David S. Jones
                                         United States Bankruptcy Judge